UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANTE ROGERS,

              Petitioner,                               Hon. Gordon J. Quist

v.                                                  Case No. 1:11-CV-358

SHERRY BURT,

              Respondent.

_____/


**REPORT AND RECOMMENDATION**

        This matter is before the Court on Rogers' petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Rogers' petition be **denied**.


**BACKGROUND**

        As a result of events which occurred on April 27, 2004, Petitioner was charged with possession with the intent to deliver more than 50 grams, but less than 450 grams, of cocaine. (Plea Transcript, November 2, 2004, 9-10). Pursuant to a plea agreement, Petitioner agreed to plead guilty to this charge. (Tr. 9). In return, the prosecutor agreed not to charge Petitioner with several additional offenses including being an habitual felon. (Tr. 5-6). The prosecutor also agreed not to refer the matter for potential prosecution by the United States. (Tr. 5). Finally, the prosecutor

1

indicated that "there may be a sentencing agreement down the line depending on future developments." (Tr. 6). Petitioner was sentenced to serve 10-20 years in prison. (Sentencing Transcript, January 13, 2005, 9).

Exactly one year later, Petitioner moved in the trial court to be re-sentenced on the ground that the trial court failed to take into consideration the "substantial assistance" he provided to the police following his arrest. (Dkt. #26). Petitioner also moved to withdraw his guilty plea on the ground that his trial counsel rendered ineffective assistance. (Dkt. #26). Petitioner's motion was denied. (Dkt. #18). Asserting the following claim, Petitioner moved in the Michigan Court of Appeals for leave to appeal the trial court's decision:

> I.  The trial court abused its discretion when it denied Defendant's motion for re-sentencing and/or motion to withdraw his plea and his request for an evidentiary hearing regarding the issue of substantial and compelling reasons to depart.

(Dkt. #19).

Petitioner's request for leave to appeal was denied. *People v. Rogers*, No. 271445, Order (Mich. Ct. App., July 17, 2006). Petitioner did not pursue the matter further. (Dkt. #20). Petitioner later moved in the trial court for relief from judgment, asserting the following claims:

> I.  Defendant was entitled to a first-tier of appellate review and to the effective assistance of appellate counsel. However, his retained appellate lawyer failed to file a timely delayed application for leave to appeal in conformity with the Michigan Court Rules, prompting the Chief Judge of the Michigan Court of Appeals to sua sponte dismiss Defendant's delayed application for leave to appeal for lack of jurisdiction. Therefore, valid claims of constitutional error were not considered by the appellate court. These and other errors denied Defendant the effective assistance

of appellate counsel. This was presumptively prejudicial error entitling Defendant to relief from judgment.

> A.   Appellate counsel was ineffective in failing to follow through with her intent to seek reconsideration of the Chief Judge's dismissal of the appeal for lack of jurisdiction.

II.   Defendant was constructively denied counsel at a critical stage of the proceedings, and had ineffective assistance of counsel relating to plea negotiations, plea proceedings, and sentencing proceedings. Therefore, Defendant is entitled to relief from judgment.

III.   The police and/or prosecution breached their plea offers. Therefore, Defendant is entitled to specific performance and/or relief from judgment.

(Dkt. #29).

The trial court denied Petitioner's motion. (Dkt. #30). Asserting the same issues, Petitioner moved in the Michigan Court of Appeals for leave to appeal. The court denied Petitioner's request "because [he] failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Rogers*, No. 288571, Order (Mich. Ct. App., May 5, 2009). Petitioner subsequently moved for leave to appeal in the Michigan Supreme Court, asserting the following issues:

> I.   Defendant was entitled to a first-tier of appellate review and to the effective assistance of appellate counsel. However, his retained appellate lawyer failed to file a timely delayed application for leave to appeal in conformity with the Michigan Court Rules,

prompting the Chief Judge of the Michigan Court of Appeals to sua sponte dismiss Defendant's delayed application for leave to appeal for lack of jurisdiction. Therefore, valid claims of constitutional error were not considered by the appellate court. These and other errors denied Defendant the effective assistance of appellate counsel. This was presumptively prejudicial error entitling Defendant to relief from judgment.

II. Appellate counsel was ineffective in failing to follow through with her intent to seek reconsideration of the Chief Judge's dismissal of the appeal for lack of jurisdiction.

III. Defendant was constructively denied counsel at a critical stage of the proceedings, and had ineffective assistance of counsel relating to plea negotiations, plea proceedings, and sentencing proceedings. Therefore, Defendant is entitled to relief from judgment.

IV. The police and/or prosecution breached their plea offers. Therefore, Defendant is entitled to specific performance and/or relief from judgment.

V. Defendant-Appellant Rogers was entrapped when the police informant was allowed to use a long-time friendship, sexual favors and threats to induce Defendant to engage in and increase the quantity of sales of controlled substances that he was otherwise not predisposed to commit.

VI. Defendant-Appellant Rogers was deprived of his Sixth Amendment state and federal right to the effective assistance of trial and appellate counsel for failure to raise a strong defense of entrapment.

In lieu of granting Petitioner's motion for leave to appeal, the Michigan Supreme Court remanded the matter to the Michigan Court of Appeals "for consideration under the standard for direct appeals" of Petitioner's claim that he was "deprived of his direct appeal as a result of

constitutionally ineffective assistance of counsel." *People v. Rogers*, Case No. 138925, Order

(Mich., Dec. 18, 2009). On May 17, 2010, the Michigan Court of Appeals remanded the matter to

the trial court "for a determination whether to appoint appellate counsel" for Petitioner. *People v.*

*Rogers*, Case No. 288571, Order (Mich. Ct. App., May 17, 2010). Counsel was appointed to

represent Petitioner, after which Petitioner moved for leave to appeal asserting the following claim:

> I.   Was Mr. Rogers denied his due process right to be
> sentenced based on accurate information and did the
> trial court err in denying Mr. Rogers any relief,
> including re-sentencing or an evidentiary hearing,
> where there is substantial evidence of Mr. Rogers'
> extensive cooperation with the police that should have
> been considered both as evidence in his favor and as
> evidence of promises of leniency at his original
> sentencing but was not, at least in part due to the
> ineffective assistance of his trial and appellate
> counsels?

Petitioner's motion for leave to appeal was denied "for lack of merit in the grounds

presented." *People v. Rogers*, Case No. 288571, Order (Mich. Ct. App., Sept. 10, 2010). Petitioner

appealed this determination to the Michigan Supreme Court, asserting the following claims:

> I.   Was Mr. Rogers denied his due process right to be
> sentenced based on accurate information and did the
> trial court err in denying Mr. Rogers any relief,
> including re-sentencing or an evidentiary hearing,
> where there is substantial evidence of Mr. Rogers'
> extensive cooperation with the police that should have
> been considered both as evidence in his favor and as
> evidence of promises of leniency at his original
> sentencing but was not, at least in part due to the
> ineffective assistance of his trial and appellate
> counsels?
>
> II.  Defendant's testimony and sworn statements, under
> direct oath in this Michigan Supreme Court, and
> stated in the attached affidavit of Dante Antoine

> Rogers re: plea and sentencing [remand for expansion
> of record requested].

The court denied Petitioner's request, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Rogers*, Case No. 141856, Order (Mich., Mar. 8, 2011). Petitioner initiated the present action on April 8, 2011, asserting the following claims:

> I. Was Petitioner denied his due process right to be sentenced based on accurate information and did the trial court err in denying Petitioner any relief, including re-sentencing or an evidentiary hearing, where there is substantial evidence of Petitioner's extensive cooperation with the police that should have been considered both as evidence in his favor and as evidence of promises of leniency at his original sentencing but was not, at least in part due to the ineffective assistance of his trial and appellate counsels?

> II. Petitioner was constructively denied counsel at a critical stage of the proceedings, and had ineffective assistance of counsel relating to plea negotiations, plea proceedings, and sentencing proceedings. Therefore, Petitioner is entitled to relief from judgment.

> III. The police and/or prosecution breached their plea offers. Therefore, Petitioner is entitled to specific performance and/or relief from judgment.

## STANDARD OF REVIEW

Rogers' petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

    (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or

    (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result." *Ayers v. Hudson*, 623 F.3d 301, 307 (6th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable

application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Ayers*, 623 F.3d at 307. Furthermore, review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the "factual determination by [the] state courts are presumed correct absent clear and convincing evidence to the contrary." *Ayers*, 623 F.3d at 308. Accordingly, a decision "adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." While this standard is "demanding" it is "not insatiable." *Id.*

For a writ to issue pursuant to § 2254(d)(1), the Court must find a violation of clearly

8

established federal law "as set forth by the Supreme Court at the time the state court rendered its decision." *Stewart v. Irwin*, 503 F.3d 488, 493 (6th Cir. 2007). This definition of "clearly established federal law" includes "only the holdings of the Supreme Court, rather than its dicta." *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Nevertheless, "the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart*, 503 F.3d at 493.

As previously noted, § 2254(d) provides that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits" unless the petitioner can satisfy the requirements of either § 2254(d)(1) or § 2254(d)(2). This provision, however, "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Instead, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits." *Id.* at 784-85. Where such is the case, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.

The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely." *Id.* If this presumption is overcome, however, the Court reviews the matter de novo. *See Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *see also, Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## I.        Sentencing Claim

Petitioner asserts that he is entitled to relief on the ground that the trial court relied upon inaccurate information when imposing sentence.  Specifically, Petitioner asserts that the trial court was not "fully and fairly informed of the assistance [Petitioner] had rendered prior to his sentencing."  Petitioner asserts that had the trial court been fully informed of his alleged assistance, "the court would have had substantial and compelling reasons to depart from the applicable guidelines in this case or to sentence at the low end of the guidelines."

It has long been recognized that when imposing sentence, "courts have broad discretion to consider various kinds of information."  *United States v. Watts*, 519 U.S. 148, 151 (1997); *see also*, *Roberts v. United States*, 445 U.S. 552, 556 (1980) (a "fundamental sentencing principle" is that "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come").  As the *Watts* Court observed, "[h]ighly relevant - if not essential - to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and circumstances."  *Watts*, 519 U.S. at 151-52.  Sentencing courts may even consider past criminal behavior which did not result in a conviction, or for which the defendant was never tried.  *See Id.* at 152 (citations omitted).  Sentences imposed on the basis of "misinformation of constitutional magnitude," however, may present grounds for habeas corpus relief.  *Roberts*, 445

---

[1]  While Petitioner has submitted in this Court a "Statement of Facts," he has not submitted a pleading articulating the arguments or legal support on which his various claims of relief are based.  Accordingly, to discern the arguments advanced in support of Petitioner's request for relief, the Court has considered the arguments asserted in the various pleadings Petitioner filed in state court.

U.S. at 556 (citations omitted). To obtain habeas relief, however, Petitioner must demonstrate that "the information in question was materially false and that the trial court relied on it." *Potter v. Yukins*, 6 Fed. Appx. 295, 296 (6th Cir., Oct. 9, 2007) (citations omitted).

Petitioner's claim fails because he has failed to establish that the trial court was misinformed regarding the nature and extent of the alleged cooperation he provided to law enforcement. The trial court rejected this particular argument on the ground that Petitioner "did no significant work" for law enforcement following his arrest. *People v. Rogers*, Case No. 04-09317-FH, Opinion and Order (Kent Cnty. Cir. Ct., Oct. 8, 2008). Aside from Petitioner's self-serving and unsubstantiated affidavits, the record contains no evidence that Petitioner provided assistance to law enforcement following his arrest in this matter. Despite having had ample time and opportunity to gather evidence in support of this particular claim, Petitioner has not established that the trial court's conclusion is in error.

This claim was rejected by the Michigan courts. This decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue on which habeas relief may be granted.

## II.        Plea Bargain Claim

Petitioner next argues that he is entitled to relief because the police and the prosecution failed to abide by the terms of his plea agreement. Specifically, Petitioner asserts that following his arrest he "was assured" by his attorney and unspecified "law enforcement personnel" that "he would not go to prison if he cooperated with law enforcement." Petitioner asserts that while

he cooperated with law enforcement, such was not taken into account at sentencing. Asserting that his decision to plead guilty was "predicated upon illusory promises," Petitioner argues that he is entitled to specific performance of the promise of "non-imprisonment for cooperation."

It is well recognized that resolution of criminal charges by plea bargain is, for many reasons, "highly desirable." *See Santobello v. New York*, 404 U.S. 257, 261 (1971). It is likewise well recognized that criminal defendants surrender many fundamental constitutional rights when pleading guilty. *See United States v. Barnes*, 278 F.3d 644, 647-48 (6th Cir. 2002). Because a guilty plea entails the forfeiture of such important rights, due process requires that the prosecution act fairly throughout the plea bargain process. *See Santobello*, 404 U.S. at 261-62; *Barnes*, 278 F.3d at 647-48. Accordingly, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262; *see also*, *Barnes*, 278 F.3d at 648 ("fundamental fairness means that the courts will enforce promises made during the plea bargaining process that induce a criminal defendant to waive his constitutional rights and plead guilty").

Petitioner's claim that he was promised "non-imprisonment for cooperation" or any other sentence limitation or recommendation in return for his guilty plea is not supported by the record. As previously noted, Petitioner agreed to plead guilty to possession with the intent to deliver more than 50 grams, but less than 450 grams, of cocaine. (Plea Transcript, November 2, 2004, 9-10). In return, the prosecutor agreed to not charge Petitioner with several additional offenses including being an habitual felon and, moreover, to not refer the matter for potential prosecution by the United States. (Tr. 5-6). Petitioner does not argue that the prosecutor failed to abide by these particular promises. Petitioner stated at the plea hearing that these particular matters constituted "the entire

plea agreement" and, furthermore, that he had not been promised anything else in addition to what had been stated on the record. (Tr. 9).

With respect to any potential cooperation between Petitioner and law enforcement, the prosecutor observed that "there may be a sentencing agreement down the line depending on future developments." (Tr. 6). As the trial court concluded, however, "no such agreement was ever reached." *People v. Rogers*, Case No. 04-09317-FH, Opinion and Order (Kent Cnty. Cir. Ct., Oct. 8, 2008). The trial court further concluded that "the sentence imposed complies with all of the terms of the plea bargain as expressed on the record." *Id.* Accordingly, this particular claim was rejected by the Michigan courts. This decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue on which habeas relief may be granted.

**III.**      **Denial of Counsel Claim**

Petitioner asserts that his attorney "failed to attend meetings for plea negotiations between [Petitioner] and government agents." Petitioner argues that such a denial of counsel at a critical stage of his prosecution violated his Sixth Amendment right to counsel and entitles him to relief in this matter.

The right of a criminal defendant to be effectively represented by counsel is well established. Without the effective assistance of counsel, "the right to a trial itself would be of little avail." *United States v. Cronic*, 466 U.S. 648, 654 (1984). As the *Cronic* Court observed:

Thus, the adversarial process guaranteed by the Sixth Amendment's

right to trial requires that the accused have "counsel acting in the role of an advocate." The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted - even if defense counsel may have made demonstrable errors the kind of testing envisioned by the Sixth Amendment has occurred. But if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated.

*Id.* at 656-57 (internal citations omitted).

Generally, to demonstrate a violation of the right to the effective assistance of counsel, a criminal defendant must demonstrate that his attorney rendered deficient performance and that he suffered prejudice resulting therefrom. *Id.* at 658; *see also, Strickland v. Washington*, 466 U.S. 668, 687 (1984). As the *Cronic* Court further observed, "there are, however, circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658. In other words, in certain circumstances, a court must simply presume that a defendant suffered prejudice, of a constitutional magnitude, as a result of his attorney's deficient performance. *Id.* at 658-61.

This presumption may arise in three types of circumstances: (1) when the accused is denied the presence of counsel at a critical stage of the proceedings; (2) when counsel does not subject the prosecution's case to any meaningful adversarial testing; and (3) when counsel is placed in circumstances in which competent counsel very likely would be unable to render effective assistance. *See Henness v. Bagley*, 644 F.3d 308, 323 (6th Cir. 2011) (citing *Bell*, 535 U.S. at 695-96). The presumption of prejudice recognized in *Cronic*, however, is a "narrow exception" to the actual prejudice requirement under *Strickland*. *Florida v. Nixon*, 543 U.S. 175, 190 (2004). Petitioner asserts that he is entitled to the presumption of prejudice and, therefore, relief, because he

was "denied counsel at a critical stage of the proceeding."

To prevail on a constructive denial of counsel claim, Petitioner must demonstrate that his attorney "entirely fail[ed] to subject the prosecution's case to a meaningful adversarial testing." *Mykolaitis v. Howes*, 2011 WL 3624949 at *37 (E.D. Mich., June 28, 2011) (quoting *Cronic*, 466 U.S. at 659). As the Supreme Court has made clear, however, to fit within this exception "the attorney's failure must be complete." *Bell*, 535 U.S. at 697. In other words, Petitioner must establish that he received "no lawyering" and not simply "bad lawyering," as conduct falling within the latter category is analyzed under the familiar *Strickland* framework (i.e., Petitioner must demonstrate prejudice). *Mykolaitis*, 2011 WL 3624949 at *37 (citations omitted).

It is well accepted that the "pre-trial period," in general, constitutes a "critical period" for purposes of the *Cronic* analysis because it is during the pre-trial period that counsel is obligated to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Mitchell v. Mason*, 325 F.3d 732, 743 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 691). Naturally, if counsel fails to consult with her client during the critical pre-trial period, she cannot fulfil her duty to reasonably investigate matters. *Mitchell*, 325 F.3d at 743 (citing *Strickland*, 466 U.S. at 691). A complete failure by an attorney to ever meet or consult with her client during the critical pre-trial period would constitute a deprivation of counsel sufficient to invoke the *Cronic* prejudice presumption. Likewise, "plea negotiations" are considered a "critical period" for purposes of the *Cronic* analysis. *See Van v. Jones*, 475 F.3d 292, 310 (6th Cir. 2007).

While Petitioner asserts in his unsworn pleadings that his attorney "failed to attend meetings for plea negotiations between [Petitioner] and government agents," this statement is contradicted by assertions contained in an affidavit Petitioner executed as part of his state court

proceedings.  Specifically, Petitioner asserted that his guilty plea "was the result of negotiations between the Kent County Prosecuting Attorney's Office, Police, and my then attorney, Jason S. Barrix."  (Dkt. #1 at 161 of 203).  Moreover, in a Statement of Facts[2] first submitted in this Court, Petitioner asserts that his attorney negotiated, on his behalf, an agreement pursuant to which Petitioner would have the opportunity to obtain a reduced sentence in return for providing cooperation to law enforcement.  (Dkt. #1 at 173 of 203).  Petitioner further asserts that he agreed to this arrangement "based on the advice counsel gave me."  (Dkt. #1 at 173 of 203).

Thus, Petitioner has failed to establish that he was denied counsel during his plea negotiations.  At most, Petitioner has demonstrated that after the terms of the aforementioned arrangement were negotiated and agreed upon, Petitioner occasionally met with law enforcement personnel in the absence of his attorney.  It appears from Petitioner's pleadings, however, that such meetings were simply to facilitate Petitioner's cooperation with law enforcement and did not involve discussion or determination of the parameters of Petitioner's plea agreement or other rights or defenses.  While there exists authority that *plea negotiations* constitute a "critical stage" of a criminal prosecution, the Court is aware of no Supreme Court authority (or any other authority for that matter) which holds that meetings conducted to fulfill the requirements of an already negotiated and agreed upon arrangement constitute a critical stage of the proceedings.  Thus, the alleged meetings which form the basis of this particular claim do not constitute a specific "critical stage" of the proceedings, but instead simply fall within the more general rubric of the "pre-trial period."

---

[2]  While it appears that Petitioner intended for this Statement of Facts to constitute a sworn statement, such was not properly executed.  Specifically, Petitioner included at the outset of this statement language that "the foregoing" (i.e., the preceding) assertions were made subject to the penalty of perjury.  (Dkt. #1 at 172 of 203).  Because this attestation was placed at the beginning of the statement, the assertions which followed such are not properly sworn.

The Sixth Amendment right to counsel guarantees to criminal defendants effective assistance of counsel, not unlimited access to counsel. Petitioner has failed to demonstrate that he was deprived of the assistance of counsel during the critical "pre-trial period" in this matter. To the contrary, the record reveals that counsel met with and vigorously represented Petitioner during this stage of the proceedings, securing for Petitioner a rather favorable plea agreement. The state courts rejected this particular claim. In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

**IV.        Ineffective Assistance of Counsel Claims**

Petitioner advances several claims that his right to the effective assistance of counsel was violated. Petitioner asserts that his trial counsel rendered ineffective assistance in the context of his plea negotiations and plea proceedings, as well as during the sentencing phase of this matter. Petitioner also asserts that his appellate counsel was ineffective for failing to timely seek relief in the Michigan Court of Appeals.

To establish ineffective assistance of counsel, Petitioner must show both deficient performance by his counsel and prejudice resulting therefrom. *See Premo*, 131 S.Ct. at 739 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411 (2009)). To establish deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 688). A court considering a claim of ineffective

assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 689). Petitioner's burden is to show that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 687).

Petitioner must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)); *see also*, *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001).

In the context of a guilty plea, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Railey v. Webb*, 540 F.3d 393, 415 (6th Cir. 2008) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). Thus, to establish prejudice in the context of a guilty plea, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also*, *Lafler v. Cooper*, 132 S.Ct. 1376, 1384-85 (2012) (quoting *Hill*, 474 U.S. at 59).

18

As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim *de novo*, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740. Likewise, the standard by which petitions for habeas relief are judged is "highly deferential." Thus, when reviewing, in the context of a habeas petition, whether a state court unreasonably applied the *Strickland* standard, review is "doubly" deferential. *Id.* (citations omitted). As the Supreme Court recently concluded:

> The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating reasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (internal citations omitted).

### A.    Plea Negotiations and Plea Proceedings

Petitioner asserts that his trial counsel's performance during the plea negotiation and plea proceeding phase of this matter was constitutionally deficient. Specifically, Petitioner faults his attorney for failing to secure a more favorable plea agreement and, furthermore, for failing to bring to the trial court's attention the significant acts of cooperation he performed for law enforcement.

Petitioner cannot establish that his attorney's performance in this regard was deficient. Furthermore, even if Petitioner could satisfy the deficient performance prong, relief is not warranted because Petitioner cannot establish that he was prejudiced by his counsel's alleged shortcomings. As previously noted, to establish prejudice in the context of a guilty plea, Petitioner

must establish that there exists "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." Petitioner makes no such assertion and given the substantial benefit Petitioner obtained pursuant to his plea agreement, it is not reasonable for Petitioner to make any such assertion.

### B. Sentencing Proceedings

Petitioner asserts that his trial counsel rendered ineffective assistance at sentencing "by failing to ensure that [Petitioner's] cooperation with law enforcement personnel was fully and fairly taken into consideration for purposes of sentencing." As previously discussed, Petitioner cannot establish that he provided any significant assistance or cooperation to law enforcement. Thus, Petitioner cannot demonstrate that his attorney's performance was deficient. Moreover, even if deficient performance in this regard is presumed, Petitioner's claim nevertheless fails because he cannot demonstrate that the revelation of his alleged cooperation with law enforcement would have resulted in a different sentence.

### C. Appellate Counsel

As noted above, Petitioner retained counsel to represent him on his initial attempts to appeal his conviction and sentence. Counsel initially moved in the trial court for relief, arguing that Petitioner was entitled to withdraw his guilty plea and/or be re-sentenced. (Dkt. #26). Petitioner's motion was denied, only after which did counsel move in the Michigan Court of Appeals for leave to appeal Petitioner's conviction and sentence. Counsel's motion for leave to appeal, however, was "dismissed for lack of jurisdiction because the application was not filed within 12

months of the January 13, 2005 judgment of sentence." *People v. Rogers*, No. 271445, Order (Mich. Ct. App., July 17, 2006). Petitioner argues that counsel's failure to "follow through with her intent to seek reconsideration of the Chief Judge's dismissal of the appeal for lack of jurisdiction" constitutes ineffective assistance entitling him to relief. This particular claim fails, however, because Petitioner cannot establish that he suffered prejudice as a result of counsel's performance.

As previously noted, Petitioner presented this claim to the Michigan Supreme Court which, in lieu of granting Petitioner's motion for leave to appeal, remanded the matter to the Michigan Court of Appeals "for consideration under the standard for direct appeals" of Petitioner's claim that he was "deprived of his direct appeal as a result of constitutionally ineffective assistance of counsel." The Michigan Court of Appeals subsequently remanded the matter to the trial court which appointed counsel to represent Petitioner. Counsel thereafter moved for relief in the Michigan Court of Appeals. In sum, because Petitioner was later appointed different counsel who pursued relief in the Michigan Court of Appeals, Petitioner cannot establish that he was prejudiced by his previous counsel's failure to seek reconsideration of the decision in question.[3]

The state courts rejected Petitioner's various ineffective assistance of counsel claims. In light of the above authority and facts, the Court concludes that these decisions are neither contrary to, nor involve an unreasonable application of, clearly established federal law. Furthermore, such decisions were not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, these claims raise no issue upon which habeas relief may be granted.

---

[3] To the extent that Petitioner argues that he was prejudiced by the fact that this subsequent attempt to obtain relief was by leave of court, rather than appeal by right, it must be noted that because Petitioner pleaded guilty he had no right to appeal as of right, but instead could only appeal by seeking leave of court. *See, e.g., People v. Baker*, 2004 WL 2674205 at *3 (Mich. Ct. App., Nov. 23, 2004).

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Rogers' petition for writ of habeas corpus be **denied**. The undersigned further recommends that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date: May 14, 2013                          /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge