UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANTE ROGERS,

       Petitioner,

v.                                          Case No. 1:11-CV-358

SHERRY BURT,                          HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Dante Rogers, has filed Objections to Magistrate Judge Ellen S. Carmody's May 14, 2013 Report and Recommendation (R & R), which recommends that Petitioner's habeas petition be denied. Petitioner raised the following claims in his petition:

    I.    Was Petitioner denied his due process right to be sentenced based on accurate information and did the trial court err in denying Petitioner any relief, including re-sentencing or an evidentiary hearing, where there is substantial evidence of Petitioner's extensive cooperation with the police that should have been considered as evidence in his favor and as evidence of promises of leniency at his original sentencing but was not, at least in part due to the ineffective assistance of his trial and appellate counsel?

    II.    Petitioner was constructively denied counsel at a critical stage of the proceedings, and had ineffective assistance of counsel relating to plea negotiations, plea proceedings, and sentencing proceedings. Therefore, Petitioner is entitled to relief from judgment.

    III.    The police and/or prosecution breached their plea offers. Therefore, Petitioner is entitled to specific performance and/or relief from judgment.

The magistrate judge concluded that all three grounds lack merit.

The magistrate judge concluded that Petitioner's sentencing claim lacks merit because Petitioner failed to show that the trial court was misinformed regarding the nature and extent of the alleged cooperation Petitioner provided to law enforcement. (R & R at 11.) The magistrate judge concluded that Petitioner's plea bargain claim lacks merit because the trial court's conclusion that

Petitioner's plea agreement did not allow Petitioner to avoid prison if he cooperated with law enforcement was fully supported by the record. The magistrate judge also noted that the trial court confirmed that Petitioner's sentence complied with all of the terms of Petitioner's plea agreement expressed on the record. (R & R at 12–13.) With regard to Petitioner's denial of counsel claim, the magistrate judge found that Petitioner failed to establish that he was denied counsel during plea negotiations. Moreover, the magistrate judge noted that the Supreme Court has never held that meetings held subsequent to the entry of a valid and final plea agreement to fulfill the requirements of such agreement constitute a critical stage of the proceedings for purposes of the Sixth Amendment right to counsel. (R & R at 16–17.) Finally, the magistrate judge concluded that Petitioner's ineffective assistance of counsel claims fail under both prongs of the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). (R & R at 19–20.)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

Petitioner states in his Objections that he abandons his denial of counsel claim, (Objections at 1, dkt. # 45), but he takes issue with the R & R on his three remaining claims. Having fully reviewed Petitioner's Objections, the Court finds no persuasive reason to reject the magistrate judge's recommendations in her R & R. In short, Petitioner merely repeats the arguments he made to the magistrate judge. Accordingly, the Court concurs with the magistrate judge that the state court's decisions on the issues Petitioner raises were neither contrary to, nor involved an unreasonable application of, clearly established federal law as enunciated by the United States Supreme Court. In addition, the state court's decisions were not based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his Objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 14, 2013 (dkt. # 30) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (dkt. # 45) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

This case is **concluded**.

Dated: October 3, 2013                              /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE